STEVEN M. MAYER, ESQ. (Bar No. 170548)
MAYER LAW GROUP, A.P.C.
16133 Ventura Blvd., PH-A
Encino, California 91436
Telephone: (818) 528-2858
Facsimile: (818) 514-2728
smayer@MayerLawLA.com

NATHAN TALEI, ESQ. (Bar No. 281498)
OLDMAN, SALLUS & GOLD, L.L.P.
16133 Ventura Blvd., PH-A
Encino, California 91436
Telephone: (818) 986-8080
Facsimile: (818) 789-0947
ntalei@oclslaw.com

Attorneys for Plaintiff JEFFREY SIEGEL,
Successor Trustee, Scott Trust Agreement
dated December 24, 1992

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
### (LOS ANGELES DIVISION)

| | |
|---|---|
| In re: | Case No. 2:23-bk-10990-SK |
| LESLIE KLEIN, | Chapter 11 |
| Debtor. | Adv. Proc. No. 2:23-ap-01154-SK |
| JEFFREY SIEGEL, SUCCESSOR TRUSTEE, SCOTT TRUST AGREEMENT DATED DECEMBER 24, 1992 | **PLAINTIFF'S NOTICE OF REQUIRED COMPLIANCE WITH FRBP 7026 AND LBR 7026-1** |
| Plaintiff | Hon. Sandra R. Klein |
| v. | |
| LESLIE KLEIN, | |
| Defendant | |

1

Plaintiff's Notice of Required Compliance with FRBP 7026 and LBR 7026-1

PLEASE TAKE NOTICE that Plaintiff Jeffrey Siegel, Successor Trustee, Scott Trust Agreement dated December 24, 1992, hereby gives notice that compliance with the requirements of Federal Rule of Bankruptcy Procedure 7026, and Local Bankruptcy Rule 7026-1, is required. A copy of Local Bankruptcy Rule 7026-1 is attached hereto as Exhibit 1.

Dated: 5/18/2023

MAYER LAW GROUP, A.P.C.

By: _____
Steven M. Mayer, Esq.

and

OLDMAN, SALLUS & GOLD, L.L.P.
Nathan Talei, Esq.

Attorneys for Plaintiff Jeffrey Siegel, Successor Trustee, Scott Trust Agreement dated December 24, 1992

(2) **Other Parties.** Any party other than plaintiff who has not received plaintiff's proposed pretrial stipulation within the time limits set forth in subsection (c) of this rule must prepare, file, and serve at least 14 days prior to the trial or pretrial conference, if one is ordered, a declaration attesting to plaintiff's failure to prepare and serve a proposed pretrial stipulation in a timely manner.

(f) **Sanctions for Failure to Comply with Rule.** In addition to the sanctions authorized by F.R.Civ.P. 16(f), if a status conference statement or a joint proposed pretrial stipulation is not filed or lodged within the times set forth in subsections (a), (b), or (e), respectively, of this rule, the court may order one or more of the following:

(1) A continuance of the trial date, if no prejudice is involved to the party who is not at fault;

(2) Entry of a pretrial order based conforming party's proposed description of the facts and law;

(3) An award of monetary sanctions including attorneys' fees against the party at fault and/or counsel, payable to the party not at fault; and/or

(4) An award of non-monetary sanctions against the party at fault including entry of judgment of dismissal or the entry of an order striking the answer and entering a default.

(g) **Failure to Appear at Hearing or Prepare for Trial.** The failure of a party's counsel (or the party, if not represented by counsel) to appear before the court at the status conference or pretrial conference, or to complete the necessary preparations therefor, or to appear at or to be prepared for trial may be considered an abandonment or failure to prosecute or defend diligently, and judgment may be entered against the defaulting party either with respect to a specific issue or as to the entire proceeding, or the proceeding may be dismissed.

## LBR 7026-1. DISCOVERY

(a) **General.** Compliance with FRBP 7026 and this rule is required in all adversary proceedings.

(1) **Notice.** The plaintiff must serve with the summons and complaint a notice that compliance with FRBP 7026 and this rule is required.

(2) **Proof of Service.** The plaintiff must file a proof of service of this notice together with the proof of service of the summons and complaint.

(b) **Discovery Conference and Disclosures.**

(1) **Conference of Parties.** Unless all defendants default, the parties must conduct the meeting and exchange the information required by FRBP 7026 within the time limits set forth therein. Unless otherwise ordered, the initial status conference

constitutes the "scheduling conference" referred to in FRCP 26(f)(1) (incorporated by FRBP 7026).

(2) <u>Joint Status Report</u>. Within 7 days after such meeting, the parties must prepare a joint status report containing the information set forth in LBR 7016-1(a)(2). The joint status report will serve as the written report of the meeting required by FRBP 7026.

**(c)** **<u>Failure to Make Disclosures or Cooperate in Discovery</u>.**

(1) <u>General</u>. Unless excused from complying with this rule by order of the court for good cause shown, a party must seek to resolve any dispute arising under FRBP 7026-7037 or FRBP 2004 in accordance with this rule.

(2) <u>Meeting of Parties</u>. Prior to the filing of any motion relating to discovery, the parties must meet in person or by telephone in a good faith effort to resolve a discovery dispute. It is the responsibility of the moving party to arrange the conference. Unless altered by agreement of the parties or by order of the court for cause shown, the opposing party must meet with the moving party within 7 days of service upon the opposing party of a letter requesting such meeting and specifying the terms of the discovery order to be sought.

(3) <u>Moving Papers</u>. If the parties are unable to resolve the dispute, the party seeking discovery must file and serve a notice of motion together with a written stipulation by the parties.

 (A) The stipulation must be contained in 1 document and must identify, separately and with particularity, each disputed issue that remains to be determined at the hearing and the contentions and points and authorities of each party as to each issue.

 (B) The stipulation must not simply refer the court to the document containing the discovery request forming the basis of the dispute. For example, if the sufficiency of an answer to an interrogatory is in issue, the stipulation must contain, verbatim, both the interrogatory and the allegedly insufficient answer, followed by each party's contentions, separately stated.

 (C) In the absence of such stipulation or a declaration of a party of noncooperation by the opposing party, the court will not consider the discovery motion.

(4) <u>Cooperation of Parties; Sanctions</u>. The failure of any party either to cooperate in this procedure, to attend the meeting of parties, or to provide the moving party the information necessary to prepare the stipulation required by this rule within 7 days of the meeting of parties will result in the imposition of sanctions, including the sanctions authorized by FRBP 7037 and LBR 9011-3.

(5) <u>Contempt</u>. LBR 9020-1 governing contempt proceedings applies to a discovery motion to compel a non-party to comply with a deposition subpoena for testimony and/or documents under FRBP 7030 and 7034.

**LBR 7026-2. <u>DISCOVERY DOCUMENTS – RETENTION, FILING, AND COPIES</u>**

(a) <u>Retention by Propounding Party</u>. The following discovery documents and proof of service thereof must not be filed with the clerk until there is a proceeding in which the document or proof of service is in issue:

(1) Transcripts of depositions upon oral examination;
(2) Transcripts of depositions upon written questions;
(3) Interrogatories;
(4) Answers or objections to interrogatories;
(5) Requests for the production of documents or to inspect tangible things;
(6) Responses or objections to requests for the production of documents or to inspect tangible things;
(7) Requests for admission;
(8) Responses or objections to requests for admission;
(9) Notices of Deposition, unless filing is required in order to obtain issuance of a subpoena in another district; and
(10) Subpoena or Subpoena Duces Tecum.

(b) <u>Period of Retention for Discovery Documents</u>. Discovery documents must be held by the attorney for the propounding party pending use pursuant to this rule for the period specified in LBR 9070-1(b) for the retention of exhibits, unless otherwise ordered by the court.

(c) <u>Filing of Discovery Documents</u>.

(1) When required in a proceeding, only that part of the document that is in issue must be filed with the court.

(2) When filed, discovery documents must be submitted with a notice of filing that identifies the date, time, and place of the hearing or trial in which it is to be offered.

(3) Original deposition transcripts are treated as trial exhibits and must be delivered to the judge for use at the hearing or trial. The original deposition transcript and a copy must be lodged with the clerk pursuant to LBR 7030-1(b).

(d) <u>Copies of Discovery Documents</u>.

(1) Unless an applicable protective order otherwise provides, any entity may obtain a copy of any discovery document described in subsection (a) of this rule by making a written request therefor to the clerk and paying duplication costs.